IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DARRYL HUDSON,** | CASE NO. 1:25 CV 1569 |
| Plaintiff, | |
| v. | JUDGE CHARLES E. FLEMING |
| **CITY OF CLEVELAND, et al.,** | **MEMORANDUM OPINION** |
| Defendants. | **AND ORDER** |

### I.  INTRODUCTION

*Pro se* plaintiff Darryl Hudson filed this action against Cuyahoga County Court of Common Pleas Judge John P. O'Donnell; Ohio Eighth District Court of Appeals Judges Mary Eileen Kilbane, Sean C. Gallagher, and Anita Laster Mays; the City of Cleveland; and Mayor Justin Bibb. (ECF No. 1). Plaintiff claims that the judges violated his rights by rendering decisions against him in the Cuyahoga County Court of Common Pleas and the Ohio Eight District Court of Appeals. He seeks dismissal of the orders issued against him and monetary relief.

### II.  BACKGROUND

Plaintiff's complaint contains very few facts, instead consisting of mostly legal arguments. According to the complaint, Plaintiff filed an employment discrimination case in the Cuyahoga County Court of Common Pleas in 2022, in which Judge O'Donnell granted summary judgment against him. *Hudson v. FPT Cleveland LLC*, No. CV-22-966432 (Cuyahoga C.P. Jul. 26, 2023). The Eighth District Court of Appeals affirmed the state trial court's judgment. (ECF No. 1 at PageID #4). Plaintiff objects to these state-court decisions and describes how the state courts purportedly erred.

(*Id.* at PageID #7–11). For example, he claims that the trial and appellate courts did not draw inferences in his favor or follow Rule 56 of the Ohio Rules of Civil Procedure. (*Id.* at PageID #7). He claims that the judges "refused to follow jurisdictional mandatory case law on a continuous basis." (*Id.*). He also complains that the appellate court did not consider certain evidence Plaintiff presented, such as the lack of disciplinary action taken against a "nonprotected employee" who was sleeping on the job; that other employees engaged in the same conduct as Plaintiff were not fired; and his doctor's statement that Plaintiff had scar tissue in his eyes that could cause eye fatigue. (*Id.* at PageID #8–9). Plaintiff alleges the judges "had the mindset of deliberate indifference" and they conspired to create a "custom of deliberate indifference and a conscious disregard for the violations of the plaintiff's civil rights." (*Id.* at 7). Although Plaintiff lists the City of Cleveland and Mayor Bibb as defendants, the complaint does not include any allegations against them.

In his request for relief, Plaintiff asks this Court to "dismiss" the summary judgment order granted against him and to "dismiss" the order by the appellate court affirming same. Plaintiff also seeks unspecified monetary damages. (*Id.* at 5).

### III.  STANDARD OF REVIEW

The Court construes *Pro se* pleadings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365, (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is required to hold Plaintiff's complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines*, 404 U.S. at 520).

Federal courts are courts of limited jurisdiction and, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a

court on its own motion at any stage of the proceedings." *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988) (citing Fed. R. Civ. P. 12(h)(3)); *Curry v. US. Bulk Transp., Inc.*, 462 F.3d 536, 539 (6th Cir. 2006) (same) (citing *Owens*, 860 F.2d at 1367). District courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)). *Sua sponte* dismissal is also authorized where the asserted claims lack an arguable basis in law. *Apple*, 183 F.3d at 480.

### IV. DISCUSSION

Plaintiff's claims for relief are barred by the *Rooker-Feldman* doctrine. Even if the *Rooker-Feldman* doctrine did not apply, Plaintiff's claims are *res judicata* due to their resolution in state Court, and the judge-defendants are immune from suit.

#### A. The *Rooker-Feldman* Doctrine

As an initial matter, Plaintiff's request that this Court vacate state-court decisions is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits federal court review of a of a state-court judgment, which a party claims violated his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298–99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415–16 (1923).

To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court

3

judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 F. App'x 537, 539–40 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury is the state trial court order granting summary judgment against him and the appellate court's order affirming same. Plaintiff is asking this Court to "dismiss the trial judge order granting the motion for summary judgment . . . [and to] dismiss the 8th District Court of Appeal[s] order affirming [it]." Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate the orders/judgments of the mentioned state courts.

### B. Res Judicata

Even if the *Rooker-Feldman* doctrine did not apply, Plaintiff cannot relitigate the issues already decided in the prior state employment discrimination trial and appellate proceedings; those issues are barred by *res judicata*. The term "res judicata," also known as claim preclusion, literally means "a matter [already] judged." *Res Judicata*, *Black's Law Dictionary* (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990).

Here, *res judicata* bars Plaintiff from relitigating his employment discrimination action. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).  Plaintiff raised, or could have raised, federal claims in the state court proceedings.  Plaintiff cannot relitigate those issues here in the hope of obtaining a different result.

### C.  Judicial Immunity

Lastly, the state court judges are immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116.  A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (acting in excess of authority does not preclude immunity).

Here, neither exception to absolute immunity applies.  Judges O'Donnell, Kilbane, Gallagher, and Mays were acting as judges when they issued their judgments against Plaintiff.  Plaintiff has not established that they acted clearly outside of the subject matter jurisdiction of the courts over which they preside.  Judges John P. O'Donnell, Mary Eileen Kilbane, Sean C. Gallagher, and Anita Laster Mays are therefore immune from suit.

**V. CONCLUSION**

Accordingly, the Court **DISMISSES** this action pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date: October 6, 2025**

*s/Charles E. Fleming*
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**